UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:21-cr-00019-JMS-CMM |
| | ) | |
| | ) | |
| TERRELL CARUTHERS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Terrell Caruthers (01) has filed a Motion to Reduce Sentence based on USSC Amendment 821.[107].[1] Mr. Caruthers was convicted of Transportation of Child Pornography and Coercion and Enticement While on Release. He received an aggregate sentence of 300 months and 1 day. [103 at 2.] He seeks a "decrease of two offense levels on Amendment 821 Part B 'Zero Point Offenders.'" [Id.] The Government has filed a Response in Opposition in which it asserts that Mr. Carruthers is ineligible for any reduction because he was convicted of a sex offense. [117 at 5-7].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Davis. [109]. Counsel was later granted leave to withdraw. [112]. Mr. Davis was afforded an opportunity to supplement his petition following the withdrawal, but he did not do so.[113].

for such relief, district courts are to employ a two-step analysis. See *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified [*3] at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

As to the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Caruthers is ineligible for resentencing as his original Guidelines range was not lowered by a subsequent act of the Sentencing Commission. In Part B to Amendment 821, the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a), providing a two-offense level reduction for many offenders who have zero criminal history points (subject to several exceptions). In pertinent part, the adjustment applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1).  It is true that Mr. Caruthers did not receive any criminal history points. [84 at ¶91]. That is not the end of the inquiry, however.

In order to be eligible for a two-offense level reduction Mr. Caruthers must meet all of the criteria of § 4C1.1, but he does not.  § 4C1.1 precludes a reduction for anyone convicted of a sex offense. Mr. Caruthers pleaded guilty [71] to an offense under § 2252. Section 2252 is found in Chapter 110 of Title 18 of the United States Code entitled "Sexual Exploitation And Other Abuse

Of Children." His offense of conviction was clearly a sex offense and Mr. Caruthers is not entitled to relief. The Court therefore does not proceed to step two under *Dillon*.

For the foregoing reasons, Mr. Caruthers Motion to Reduce Sentence [107] is **DENIED.**

Date: 3/20/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov

**By U.S. Mail to:**

Terrell K. Cauthers
#25941-509
Federal Correctional Institution Greenville
P.O. Box 5000
Greenville, IL 62246